■ In the Matter of the Estate of EVA KILTS, Deceased. ENDICOTT TRUST COMPANY, as Executor of EVA KILTS, Deceased, Respondent; SYLVIA BUCKLAND, Appellant.—Appeal from a decree of the Surrogate's Court of Broome County, entered November 10, 1975, which adjudged that a sum of money now in the possession of the appellant was an asset of the decedent's estate and directed that appellant deliver said money to the petitioner, as executor of decedent's estate. The funds which are the subject of the controversy had

been deposited in a bank account in Florida, where the decedent had resided in 1973, in a trust account, similar to our Totten trust, in her name as trustee and the name of her husband as beneficiary. Becoming ill, decedent was brought back to Broome County in 1973, where she entered the hospital. In November, 1973, a bank draft was drawn by the Florida bank in the sum of $24,065.95 payable to the order of the decedent. The check was subsequently endorsed by decedent and then by appellant, Sylvia Buckland, who opened an account in her name in a bank by a deposit of $23,000. Appellant contends that the property is hers by reason of a gift made by decedent, her mother, during her lifetime. A separate action had been begun by decedent's husband against appellant for wrongful conversion, but the record does not reveal the merits of this action. By virtue of a settlement between decedent and her husband, it is stipulated that the actual amount presently in issue is $14,148.97. The sole issue on this appeal is whether there was a valid and effective *inter vivos* gift of the funds made by the decedent to the appellant. Several witnesses testified on behalf of the appellant in support of her contention that the decedent intended to give her this money as a gift. The testimony before the Surrogate was to the effect that the decedent wished for appellant to have this sum of money because appellant had been caring for decedent constantly during her illness. The Surrogate found, however, that the stipulated sum of $14,148.97 plus interest was an asset of decedent's estate to be paid over to the executor of her last will and testament. In arriving at this conclusion, the Surrogate was persuaded by the affidavits of the decedent and of the appellant which were made subsequent to all of the events testified to by the witnesses, and submitted in the separate action of decedent's husband against the appellant herein, concerning the same funds involved here. The affidavit of the decedent states that she requested that the funds she withdrew from the Florida bank be deposited in an account in New York State in her daughter's name, for convenience purposes, and that the money belonged to her. Appellant admits in her affidavit that the funds belong to her mother, the decedent, and not to her, and states that she has no interest therein other than the stated function of being able to withdraw and use said funds for her mother's needs. There being no question of the prior ownership of the funds by decedent, the presumption is that her ownership continued. The burden of establishing a gift of the funds by the decedent is placed upon the appellant, the party claiming to be the recipient of the alleged gift *(Matter of Housman,* 224 NY 525). The question as to whether decedent intended to make a gift of the funds is one of fact (p 527). Appellant's argument that the Surrogate based his decision on the two affidavits referred to herein and ignored the oral testimony of the witnesses raises, at best, simply a question of credibility. Clearly, that question was for the trier of the facts. On this record, we find no reason to disturb the conclusion arrived at by the Surrogate. Decree affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.