◼ In the Matter of the Estate of Luella L. Liddle, Deceased. Edmund B. Liddle, Jr., et al., as Administrators of the Estate of Luella L. Liddle, Deceased, Appellants; Louella M. Washburn, Respondent.—Main, J. Appeal from an order of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered October 5, 1984, which dismissed petitioners' application claiming that certain property held by respondent belonged to decedent's estate.

Decedent died in August 1983. In the months just prior to decedent's death, respondent, a friend of the deceased, was hired to provide care, on a 24-hour-per-day basis, for decedent, who was approximately 92 years old at the time. After petitioners discovered that three rings and a set of dishes that had belonged to decedent were missing from her house, they commenced this proceeding to recover the property, which they claimed was properly a part of decedent's estate. At the hearing that followed, respondent, who maintains that decedent sold her the rings and dishes for the nominal sum of $50, produced disinterested witnesses who stated both that decedent had been lucid and coherent just prior to her death and that decedent had previously stated that she wished respondent to have the rings in question. In addition, respondent produced a receipt, allegedly signed by decedent, showing that decedent had transferred ownership of the rings and dishes to respondent. Surrogate's Court found that ownership of the rings and dishes had been transferred to respondent and, accordingly, dismissed the petition. This appeal by petitioners ensued.

We affirm. The burden of showing that ownership of the rings and dishes in question had been transferred to respon-

dent was upon respondent herself *(see, Matter of Kilts,* 54 AD2d 772, 773; *see also,* 3 Warren's Heaton, Surrogates' Courts § 236 [14] [6th ed]). Here, respondent produced a receipt for the items that was, according to her, signed by decedent. Additionally, two disinterested witnesses testified that decedent had not been in a disoriented or confused state during the period just prior to her death, when the alleged transfer took place, and that decedent had expressed her desire that respondent have the rings. Petitioners offered no proof to contradict any of this. On this record, we conclude that respondent met her burden of proof and find no reason to disturb the determination of Surrogate's Court *(see, Matter of Kilts, supra).*

Order affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.