THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIA NOWACK, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of assault in the third degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

THE ROBERT S. SMITH CORPORATION, Respondent, v. MEYER KRAUSHAAR, Appellant, and EMANUEL CELLER, Defendant.— In a vendor's action for specific performance of a contract of sale and purchase of real property, the appeal is by defendant Kraushaar from part of the order of the Special Term, Queens county, which directed judgment in favor of plaintiff. The order was made on the remittitur of the Court of Appeals, which ordered judgment absolute against defendants. Order modified by striking from paragraph 4 the words: " and the further sum of $12,200, together with interest on parts thereof, which interest on October 6th, 1934, amounted to $3,100.10, and together with further interest on said sum of $12,200 from October 6th, 1934, to the date of entry of judgment, amounting to        , and the further sum of $400, together with interest thereon from November 21st, 1934, to the date of entry of judgment, amounting to," and inserting in place thereof a decretal paragraph which shall provide that the plaintiff be subrogated to the rights of the mortgagee under the mortgage, a lien upon the premises subject to which the property was sold, in the total amount of the payments made by the plaintiff on account of the principal sum of said mortgage from the date of the contract to the date of the judgment, together with the interest accrued upon the respective payments. As so modified, the order, in so far as appealed from, is affirmed, without costs. At no stage of the litigation does it appear that the appellant disputed either the mathematics of the amounts or that they were paid. It is not unusual that conditions changed between the date the contract should have been closed and the date of the determination by the Court of Appeals. It is the court's duty, in so far as possible, to place the parties in the same situation they would have been in if the contract had been performed according to its terms. The purchasers, one of whom is the appellant, did not agree to pay the principal sum of the mortgage but only agreed to take the property subject to two certain mortgages aggregating $40,000. Therefore, the plaintiff is only entitled to be subrogated to the rights of the mortgagees in the said mortgages to the extent of the payments made on account of principal, and not to a money judgment therefor. Lazansky, P. J., Young, Adel and Taylor, JJ., concur; Johnston, J., not voting. Settle order on notice.

STONE LIBERTY REALTY CORP., Appellant, v. BINGHAMTON SAVINGS BANK, Respondent, and Others, Defendants.— Judgment dismissing the plaintiff's complaint on the merits in an action to establish and to foreclose an equitable lien where the plaintiff had mistakenly paid taxes on property to which it had no claim or interest, reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion, the plaintiff made out a *prima facie* case. The contention of the respondent, a mortgagee, that it had been prejudiced by the appellant's erroneous payment is a defense which should have been pleaded and proved. Findings of fact and the conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. Settle order on notice.