914

**ELIAS BURACK**, Appellant, v. **CHASE MANHATTAN BANK**, as Executor of **ALFRED W. WEISS**, Deceased, Respondent.— Appeal from so much of a judgment entered after trial directing specific performance of a contract for the purchase and sale of real property, including a house and its contents, as conditions that relief upon the payment by appellant of $15,000, less $2,100 paid on account of the purchase price of $21,000. Prior to the law day the house and its contents were completely destroyed by fire. Judgment modified upon the law and the facts so as to reduce the amount payable by appellant from $15,000, less $2,100, to $7,500, less $2,100. As so modified, judgment insofar as appealed from affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appellant is entitled to an abatement of the purchase price in an amount equal to the actual value of the destroyed house and its contents (*Smith Corp.* v. *Kraushaar*, 249 App. Div. 789; *Worrall* v. *Munn*, 53 N. Y. 185). In our opinion, consideration of all the factors " tending to throw light upon the subject " of the actual value of the destroyed property (cf. *McAnarney* v. *Newark Fire Ins. Co.*, 247 N. Y. 176, 184; *Sebring* v. *Fireman's Ins. Co. of Newark, N. J.*, 227 App. Div. 103; *Andrews* v. *Empire Co-op. Fire Ins. Co.*, 103 N. Y. S. 2d 177; *Polisiuk* v. *Mayers*, 205 App. Div. 573), as well as the equities between the parties (cf. *Polisiuk* v. *Mayers, supra*, p. 579), warrants a finding that the actual value of the destroyed property on the contract date was $13,500. Accordingly, appellant is entitled to an abatement of the purchase price in that amount. Wenzel, Beldock and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm without modification; Murphy, J., deceased.

**VALENTINE CATENA**, Individually and as Trustee, Respondent, v. **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, Appellant.— In an action to recover additional insurance allegedly due under a policy of life insurance, the appeal is from an order denying a motion to dismiss the amended complaint for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

**IRENE ELIAN** et al., Respondents, v. **JULES TECK**, Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order granting a motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113). Order reversed, with $10 costs and disbursements, and motion denied. The papers disclose facts sufficient to require a trial of the issue of negligence. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to affirm.

**KATHLEEN GAMBESKI**, Individually and as Executrix of **LOUIS V. GAMBESKI**, Deceased, Appellant, v. **HUGO E. GAUTHIER**, Respondent.— In an action to declare a deed void on the ground of nondelivery, and for an accounting of partnership assets, in which action a counterclaim for specific performance was interposed, the appeal is from an order and judgment (one paper) granting respondent summary judgment dismissing the third amended complaint, striking out appellant's reply to the counterclaim, and granting judgment in favor of respondent on his counterclaim. Order and judgment affirmed, with $10 costs and disbursements. No opinion. Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and judgment and to deny the motion, with the following memorandum: Under the circumstances here, where the material facts are within the exclusive knowledge of the respondent and an attorney, one Hawthorne, appellant should have been afforded an opportunity to establish her case by the examination of the respondent and the said attorney both before and at the trial. (Cf. *Newman* v. *Newark Fire Ins. Co.*, 281 App. Div. 852.)