◼ In the Matter of the Estate of ANTONIO LO DOLCE, Deceased. EVA LA D. CAPUZZO et al., Appellants; GRACE LA D. ELISBERG et al., as Executors of ANTONIO LO DOLCE, Deceased, et al., Respondents.— In a compulsory accounting proceeding to settle the account of the executors of the estate of Antonio Lo Dolce, deceased, the objectants, Eva La Dolce Capuzzo and Rose Lo Dolce Traina, two adult residuary legatees of the estate, appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County, rendered January 31, 1961, as: (1) granted the motion of the petitioners (executors) to modify the Referee's report insofar as it recommended that two certain objections (No. 3a and No. 9) to the account be sustained and that the executors be surcharged; (2) confirmed the said report as so modified; and (3) denied objectants' cross motion to modify the said report insofar as it recommended that the remaining objections be overruled and insofar as it

refused to recommend additional surcharges. Decree modified on the law and the facts, as follows: (1) by striking out so much of the second decretal paragraph as confirms the Referee's report insofar as it overruled objection No. 1a (such objection being that the executors' account failed to include as an estate asset debts aggregating $14,142.66 owing to the testator by his son, Frank Lo Dolce) ; and (2) by substituting a paragraph disapproving the Referee's report insofar as it overruled such objection; and proceeding remitted to the Surrogate's Court for a new plenary hearing as to such objection only. As so modified, decree insofar as appealed from affirmed, with costs to all parties filing separate briefs payable out of the estate. In our opinion, the finding that Frank Lo Dolce was not indebted to the estate is contrary to the record. We find that his indebtedness to the estate was established prima facie by the executors' Schedule L and by decedent's ledger book, both of which show the origin of the debt and its balance. We also believe that this ledger was improperly excluded by the learned Referee, since it was an account book kept by decedent in the regular course of his business; hence it was admissible under section 374-a of the Civil Practice Act. However, the proof as a whole is inadequate. It fails to show: (1) whether or not such debt was paid or discharged either in whole or in part; (2) whether, if not paid, it was or still is collectible; and (3) whether the executors were derelict in their duty to collect it. To resolve these questions and any others which may arise, and to permit all the relevant proof to be adduced, a new trial, limited to this indebtedness, should be had. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.