■  J. J. NEWBERRY COMPANY, Appellant, v. KINGSTON PLAZA, INC., et al., Respondents.— GREENBLOTT, J.  Appeal from a judgment of the Supreme Court in favor of respondents, dismissing the complaint, upon a decision of the Court at Trial Term, without a jury.  Appellant, a tenant of respondent Kingston Plaza, Inc., owner of a shopping center in the City of Kingston, New York, sues for a permanent injunction restraining respondents from erecting a building to be occupied by respondent Herzog Supply Co., Inc., in the shopping center.  It is appellant's contention that the proposed location of the building violates restrictive covenants contained in the lease between appellant and respondent Kingston Plaza, Inc., as modified by an agreement dated May 25, 1965, in that such location does not strictly comply with the plot plan attached to the modification.  Respondents admit that the proposed construction is not in the exact location shown on the plot plan, and that should the construction be found to violate the covenants of the lease, it would cause irreparable damage to appellant.  The critical portion of the modification agreement provides: "That attached hereto and made a part hereof marked Schedule 'A' is plot plan showing location of the proposed Sears store, Sears service station and other proposed and contemplated additions to the Shopping Center.  Said plot plan shall be strictly adhered to, particularly in respect to the location of the Sears service station, unless Sears elects to remove the said service station and any signs in connection therewith, to a location west of the Fair Street extension exit lane, as hereinafter provided. It is further understood and agreed that the Herzog retail store building shall not exceed twenty (20) feet in height' and shall be located no further east than a line prolonging the westerly face of the Britts store building."  The trial court admitted into evidence, over appellant's objection, testimony concerning the modification agreement, indicating that before the modification was executed, appellant was informed that Herzog had no plans or specifications for its building at that time.  This evidence was properly received and was not in violation of the parol evidence rule.  While parol evidence is not admissible to vary or contradict the plain terms of the modification agreement, where there is ambiguity or uncertainty in the agreement, the intention of the parties must be ascertained in the light of the surrounding facts and circumstances and parol evidence is admissible for that purpose. (*Tobin* v. *Union News Co.*, 18 A D 2d 243; *Laskey* v. *Rubel Corp.*, 303 N. Y. 69.)  The language of the agreement which reads "Said plot plan shall be strictly adhered to, particularly in respect to the location of said Sears service station", is unclear and ambiguous.  Doubt is created as to its meaning. It implies that the location of the Sears store was appellant's only concern. The modification agreement creates further ambiguity by use of the words "other proposed and contemplated additions".  This indicates that there are two types or additions intended — proposed additions such as the Sears store and others such as the Herzog store which are simply contemplated. The plot plan which is attached to the modification agreement reveals a further ambiguity since the square designating the Herzog store contains nothing as to size in square feet, whereas all other additions to the shopping center are designated as to exact size in square feet.  There is no claim of any violation of such of the provisions with respect to the Herzog building as were specific, that is, its height and its location "no further east than a line prolonging the westerly face of the Britts store building." . It should be noted that the language of the agreement quoted herein was inserted by appellant, and in such case, any ambiguity must be construed against the draftsman of the instrument.  (*Rentways, Inc.* v. *O'Neill Milk & Cream Co.*, 308 N. Y. 342.) The Trial Judge was justified in admitting parol evidence to resolve these

ambiguities. The record supports the findings and decision of the court that the parties did not intend to restrict the construction by Herzog to the precise area indicated on the plot plan when they agreed to the changes in the modification agreement, and that respondents were not in violation of the covenants contained in the lease. The judgment should be affirmed. Judgment affirmed, with costs. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ. concur in memorandum by Greenblott, J.