WILLIAM H. KINCH, as Executor of SANDRA H. KINCH, Deceased, Respondent-Appellant, *v.* RICHARD M. ADAMS et al., Respondents, and CHILD'S HOSPITAL, Appellant-Respondent.

Third Department, January 16, 1975.

*Maynard, O'Connor & Smith* (*John A. Murray* of counsel), for appellant-respondent.

*Donohue, Bohl, Clayton & Komar* (*Paul F. Donohue* of counsel), for respondent-appellant.

*Martin, Clearwater & Bell* (*John Ganotis* of counsel), for Richard M. Adams and another, respondents.

MAIN, J. On October 19, 1970, Sandra Kinch, the plaintiff's now deceased wife, suffered a cardiac arrest at Child's Hospital after undergoing a barium enema at the direction of defendants Doctors Adams and Attarian. The stricken Mrs. Kinch was discovered by a hospital technician in an outpatient bathroom where, a few moments before, she had been taken to evacuate following the diagnostic procedure. She was immediately revived and rushed to Albany Medical Center where she died five days later. Subsequently, her husband instituted the present action, seeking damages for her death which he alleged was caused by the defendants' negligence, and, after trial, the jury returned a verdict of $239,497.40 against Child's Hospital while finding there to be no cause of action against the doctors.

On this appeal, only one question was argued, the propriety of imposing liability on the hospital, and we find that the jury's determination thereon cannot be permitted to stand. Once both doctors were absolved of liability, only two possible theories remained pursuant to which responsibility for Mrs. Kinch's death could be attributed to the hospital, namely, the admitted lack of a buzzer or other signaling system in the bathroom where the deceased was stricken and the alleged failure of the hospital technician to check within a reasonable length of time on the deceased who was alone in the bathroom. We find that neither of these rationales provides support sufficient to justify the ultimate verdict.

From the record, it is clear that warning systems were not generally installed in the outpatient bathrooms of hospitals in the Albany area, nor were they required by statute or otherwise. As to the alleged delay in the discovery of the stricken patient, the length of time during which she was alone was strongly disputed at trial. Furthermore, the cardiac arrest was plainly the proximate cause of her demise, and any contention that she would have survived had she been found a few moments earlier is based on conjecture and speculation which is no substitute for proof (cf. *De Mayo* v. *Yates Realty Corp.,* 35 A D 2d 700, affd. 28 N Y 2d 894).

The judgment should be reversed, on the law and the facts the motion to set aside the verdict should be granted, and the complaint dismissed, without costs; the judgment entered January 21, 1974 should be affirmed.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, the motion to set aside the verdict granted, and complaint dismissed, without costs; judgment entered January 21, 1974, affirmed.