■ SABRIA SHIPMAN, Appellant, v WORDS OF POWER MISSIONARY ENTERPRISES, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered September 30, 1975 in St. Lawrence County, upon a decision of the court at a Trial Term, without a jury. In this action, plaintiff sought to have a deed transferring title to real property from her to defendant Words of Power Missionary Enterprises, Inc., and

subsequent deeds to the same property from the defendant-grantee, declared null and void on the ground of fraud. In the alternative, plaintiff sought a judgment granting reformation of the original deed which would include a reservation to her of a life estate in the subject property. After a nonjury trial, the court found no fraud or mistake at the time of the transfer of the property, and granted judgment in favor of the defendants dismissing the complaint. From that judgment this appeal follows. Plaintiff, while in her late 70's, wrote to Lieutenant Governor Maddox of Georgia expressing a desire to benefit worthy Christian organizations in her will. He suggested two schools, and thereafter plaintiff executed a will making the two schools residuary legatees of her estate and naming as executor Dr. Charles Bishop, superintendent of defendant Bainbridge Christian Schools, Inc., and a director of defendant Words of Power Missionary Enterprises, Inc. Subsequent thereto, plaintiff offered, and Dr. Bishop accepted, a 220-acre farm in St. Lawrence County for one dollar and a life lease on the house and barns. Dr. Bishop came to New York State and met with plaintiff and her attorney. At the closing plaintiff executed the deed to the defendant Words of Power Missionary Enterprises, Inc., without any reservation of a life estate. Although plaintiff testified that her sight was poor and that she signed the deed without reading it, her attorney and Dr. Bishop testified that plaintiff did not want to retain a life estate. Her attorney further stated that the documents of Words of Power Missionary Enterprises, Inc., were passed around and the tax exempt status of the organization was discussed. Plaintiff alleges that subsequently she discovered that the property was deeded to Words of Power Missionary Enterprises, Inc., rather than the Bainbridge Christian Schools, Inc., and that she had no life estate. The property was thereafter transferred by Words of Power Missionary Enterprises, Inc., to Bainbridge Christian Schools, Inc., and Dr. Bishop testified that when it became clear to him that the plaintiff was unhappy, the property was taken off the market and she was offered a life lease. This offer was apparently held open right up until the time of the trial. The trial court specifically found that at the closing plaintiff had been advised and was fully aware that the deed was to go to Words of Power Missionary Enterprises, Inc., and that it made no provision for a life estate. The court further found that plaintiff had abandoned any intention of retaining a life lease at the time of the closing. On this appeal we are confronted with the issue as to whether the findings of fact are supported by the weight of the evidence. In a nonjury case, this court's inquiry is not limited to whether the findings were supported by some credible evidence. If it appears on all the credible evidence that a different finding or a finding different from that of the court is not unreasonable, then this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony *(Spano v Perini Corp.,* 25 NY2d 11). It is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court. There is, in our opinion, more than sufficient evidence in this record to support the findings and judicial determination of the trial court. Since the findings and determinations of the trial court are not against the weight of the credible evidence nor contrary to the law, they should not be disturbed *(Collier v Lukes,* 36 AD2d 662). Because we have concluded that the findings and determinations of the trial court are amply supported by the evidence, it is unnecessary to pass upon the plaintiff's argument for rescission or reformation. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.