■ MARILYN A. NASTASI, as Administratrix De Bonis Non of the Estate of MURIEL E. BRUGEL, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58000.).—Appeal from a judgment, entered January 23, 1976, upon a decision of the Court of Claims, which dismissed the claim. Muriel Brugel was admitted to the Nassau County Medical Center on January 23, 1973. She appeared withdrawn, incoherent, and irrational and was transferred on the next day to the Northeast Nassau Psychiatric Hospital, a facility maintained by the State. At that institution her condition was diagnosed as psychotic depressive reaction and a treatment plan was prescribed accordingly. On February 15, 1973 she was transferred to the medical-surgical service of the Kings Park State Hospital and on February 18, 1973 she was removed from that hospital by her family and admitted to a private institution. She remained there until her death on April 2, 1973. The cause of death was primary reticulum cell sarcoma of the brain which may be described, in layman's terms, as cancer of the brain. Following her death, a claim was filed for pain and suffering and wrongful death. The court found that claimant failed to sustain the burden of proving proximate cause, there being no substantial evidence of causally related death through aggravation or precipitation. Decedent was admitted to North Shore Hospital on February 18, 1973 in a coma. She underwent two brain scans which showed a mass lesion in the base of the brain. Radiation therapy was prescribed, but she remained in a comatose state with only minimal reaction to deep pain until her death on April 2, 1973. Claimant's own expert could not express an opinion, with any degree of medical certainty as to the length of time that decedent would have survived if the tumor had been discovered upon her admission to the Northeast Nassau Psychiatric Hospital. Claimant thus failed to establish that the asserted negligence of the State was a substantial factor precipitating decedent's death and any contention as to how long she would have survived would be based on conjecture and speculation which is no substitute for proof (Kinch v Adams, 46 AD2d 467, affd 38 NY2d 792; Thompson v State of New York, 30 AD2d 914). In view of the result reached, it is unnecessary to consider the issue of negligence. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.