■ HAYDEE BROWN, as Administratrix of the Estate of GEORGE BROWN, Also Known as JORGE BROWN, Deceased, Respondent, v STATE OF NEW

YORK, Appellant. (Claim No. 55142.)—Appeal from a judgment in favor of claimant, entered April 23, 1975, upon a decision of the Court of Claims. Decedent, aged 35, was transferred to Creedmore State Hospital during the afternoon of July 3, 1970. He died the next day around 9:00 A.M. This claim is for alleged wrongful death due to negligence on the part of the State in failing, among other things, to properly supervise decedent after administering a certain tranquilizer drug. The record reveals that prior to admission decedent had been acting withdrawn and aggressive. After spending the night at Creedmore he was awakened around 7:00 A.M. and became violent and assaultive. He was administered some 200 mg. of Thorazine within the next half hour. Although the exact times are in dispute, it appears from the record that decedent was moved upstairs to a seclusion room at approximately 7:30 A.M. Decedent was then left unattended until he was later observed by an attendant, at which time decedent had stopped breathing. The attendant administered oxygen and the doctor worked on him until he was pronounced dead. The Court of Claims concluded that decedent had received large amounts of Thorazine and should have been carefully watched during the period of time defendant knew serious side effects might have been manifested and that there was a causal relationship between the State's breach of duty to observe and the death that immediately followed. In other words, the court found that the failure to supervise constituted negligence and was the proximate cause of death. This appeal ensued. The State, among other things, contends that since the cause of death is unknown and death possibly resulted from the natural causes of decedent's mental disease, it could not be liable for proximately causing the death. The record contains ample proof from which the Court of Claims could reasonably conclude that Thorazine should be administered while the patient is prone; but here all injections were administered while decedent was upright; that after injection the patient should be carefully observed for a period of one to one and one-half hours; that Thorazine has numerous side effects, including shock and irregularity of heart beat and that defendant had knowledge of these side effects. While the State is not an insurer of the safety of its patients and is not required to watch each patient 24 hours a day *(Excelsior Ins. Co. of N. Y. v State of New York,* 296 NY 40), it is responsible for hazards reasonably to be foreseen and the risks reasonably to be perceived. Here the State administered the drug with knowledge of its side effects and aware that for a period thereafter observation was required. In spite of this, there was a period of time immediately following the injection when decedent was unobserved and thereafter when the patient was again seen he was not breathing. Furthermore, there is testimony that death was due to heart failure and shock due to excessive amounts of Thorazine. The issue, therefore, narrows to whether the period of time during which decedent was unobserved constituted negligence under the circumstances and was a proximate cause of death. While the exact period of time is unclear and there is conflicting testimony as to its length, the court could, on this record, conclude that there was a period after the last injection of one hour and 15 minutes when decedent was unattended. Under these circumstances we are of the view that the court properly concluded that "good medical practice and indeed reasonable prudence required that decedent should have been observed and carefully watched during the period of time that defendant knew serious side effects might have been manifested by the administration of Thorazine." Such failure during that critical period was properly designated as negligence. We are concerned with a death case and claimant is not held to as high a degree of proof as

where a claimant can himself describe the occurrence *(Noseworthy v City of New York,* 298 NY 76). Considering the record in its entirety, we are of the view that there is sufficient evidence to support the findings and judicial determinations of the trial court and since they are not against the weight of the credible evidence nor contrary to the law we should not disturb them *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Judgment affirmed, with costs. Sweeney, Main and Herlihy, JJ., concur; Greenblott, J. P., and Larkin, J., dissent and vote to reverse in a memorandum by Greenblott, J. P.: Greenblott, J. P. (dissenting). We dissent. The Court of Claims excluded claimant's theory of an overdose of Thorazine as the cause of death, yet managed to find liability against the State. It seemed to rely entirely on the manufacturer's literature as to the side effects of the drug. Such reliance seems misplaced since the cause of death was never pinpointed other than the possibility of "exhaustion incident to acute psychosis". The court speculated that the mechanism of death was shock, but since the autopsy could not confirm this, we cannot accept this theory. We are faced with a serious question of proximate cause which, on this record, must be resolved in favor of the State. There is no credible medical evidence in the record which supports the finding of the trial court that the cause of death was lack of supervision and observation during the hour and one half after administration of Thorazine. The court attempts to fill in this important evidentiary deficiency by reference to the *Noseworthy v City of New York (supra)* rule. While it is true that in death cases, our courts have not held plaintiffs to as high a degree of proof as is required in actions where a plaintiff can himself testify, the plaintiff is still required to show such an important element of liability as the cause of death and the connection between death and the negligence of the defendant. The court was correct in its statement that good medical practice required that the decedent should have been watched carefully for side effects. However, it should also be noted that there was no testimony that death was attributable to any known side effects of Thorazine which might have been anticipated. Medical testimony in support of claimant's case, if accepted, indicates heart failure due to hypertension, or Parkinsonism as known possible side effects of Thorazine. Here, there is no testimony that decedent's death was attributable to one or the other of these causes. While the case is heightened in difficulty because of certain alleged inadequacies in the autopsy, the omissions appear to have been adequately explained, e.g., findings as to the heart were not recorded because there were none of a significant nature. Moreover, the State cannot be held responsible for the consequences of an autopsy not prepared by its own agents or employees. Most significant, however, in reaching the ultimate conclusion, is the total lack of evidence that supervision could have prevented the death. As we said in *Soto v State of New York* (39 AD2d 993): "In fact, the cause of death was ultimately determined to be unknown, thus even the nature of the illness is unknown. The illness being unknown, the cause thereof must also be unknown. Since decedent's death might well have been the natural culmination of her condition, notwithstanding any treatment which she received, it would be an improper inference to attribute her death to negligence on the part of the State." In *Lando v State of New York* (47 AD2d 972, 973, mod on other grounds and affd 39 NY2d 803) this court held: "The claim here must fail because of a lack of proof that the breach was the proximate cause of the result. Without this connection between the duty and the result, there can be no recovery [citation omitted]. Hence, several possibilities as to what occurred exist and, since the State would not be responsible for one or more

of these possibilities, the claimant cannot recover without proving that the death was sustained wholly or in part by a cause for which the State was responsible [citation omitted]. To conclude here that the failure to make an adequate search was the proximate cause requires speculation of the rankest sort." Since the cause of death was undetermined, it was speculation for the court to find that a wholly unproven "failure to observe" was the proximate cause of decedent's death. Claimant thus failed to establish that the negligence of the State was a substantial factor precipitating decedent's death, and the trial court's finding that a failure to supervise and observe decedent was the cause of death was based on conjecture and speculation which is no substitute for proof. (*Nastasi v State of New York*, 55 AD2d 724.) The judgment should be reversed, and the claim dismissed.