■ WILLIAM H. GEARY et al., Respondents, v DADE DEVELOPMENT CORP., Appellant, et al., Defendants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 6, 1977 in Albany County, upon a decision of the court at a Trial Term, without a jury. In 1966, William H. Geary, sold to Dade Construction Company a certain tract of land in consideration of which Dade executed a purchase-money bond and mortgage. On February 8, 1967, Dade entered into an agreement with Dade Development Corporation (hereinafter Coventry) in which Coventry acquired the property subject to the mortgage. The agreement made the contract contingent upon obtaining the consent of the mortgagee and Coventry agreed to pay the interest on the mortgage and the real property taxes. Plaintiff executed the required consent agreement on February 11, 1967. Subsequently, Dade defaulted on the payment of the mortgage and a foreclosure action was commenced. An order of foreclosure was signed on February 26, 1973, and judgment was entered. Three issues were severed in the judgment for trial: (1) were plaintiffs beneficiaries of the Dade-Coventry agreement of February 8, 1967; (2) is recovery by plaintiffs barred by *res judicata* or collateral estoppel; and (3) is recovery barred by the nonoccurrence of a condition precedent or a condition subsequent which excused the performance. The trial court held that it was the intention of the parties to establish the plaintiffs as beneficiaries of an agreement of surety whereby Coventry guaranteed Dade's obligations with respect to interest and real

estate taxes in consideration of plaintiffs' consent to the transfer of title. Judgment was entered for the plaintiffs for interest and taxes in the sum of $57,351.45. Coventry raises several issues which they contend constitute grounds for reversal. They urge that the admission of testimony regarding negotiations prior to the execution of the contract between Dade and themselves was barred by the parol evidence rule. We reject this contention. While parol evidence is not admissible to vary or contradict the plain terms of an agreement, where there is ambiguity or uncertainty in the agreement, the intention of the parties leading up to and attending the execution of the writing is admissible to ascertain the intention of the parties (*Newberry Co. v Kingston Plaza*, 31 AD2d 862, Richardson, Evidence, [10th ed], §§ 625, 626). Coventry contends further that the issue of whether they intended to guarantee that Dade would meet its obligation to the plaintiffs was decided by a prior order of the court, entered December 3, 1974, denying plaintiffs' motion for summary judgment. This argument is without merit. The denial of summary judgment was based on a finding that plaintiffs were not third-party beneficiaries of the contract of February 8, 1967 and had no standing to enforce this agreement. The question of whether plaintiffs were beneficiaries of a surety agreement was not decided and was properly resolved in the trial. Finally, Coventry contends that pursuant to section 5-705 of the General Obligations Law their liability was foreclosed because a writing was not executed simultaneously with the conveyance of the real property. This affirmative defense was never pleaded and is deemed waived and not preserved for appellate review (CPLR 3018, subd [b]). The record amply justifies the conclusions reached by the court. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.