DONALD J. LUCENTI, Appellant, v CAYUGA APARTMENTS, INC., Respondent.—Appeal from a resettled judgment of the Supreme Court in favor of plaintiff, entered March 30, 1978 in Tompkins County, upon a decision of the court at Trial Term, without a jury. The underlying action is one for specific performance with an abatement of purchase price. The case was previously before this court *(Lucenti v Cayuga Apts.,* 59 AD2d 438) and the facts giving rise to this litigation are amply set forth in our opinion therein. We need not repeat them here. We concluded that the plaintiff was entitled to specific performance with an abatement in the purchase price to reflect the "actual value of the property destroyed by the fire" *(Lucenti v Cayuga Apts., supra,* p 443) and remanded for such determination. On remand the court found that the actual value of the property was $12,000 and the "cost to cure" was $7,500, entitling plaintiff to an abatement of $19,500. This appeal by plaintiff ensued. The sole issue for our determination is whether the court used the appropriate standard and correctly determined the abatement from the purchase price. An examination of the record reveals that defendant based its proof on the loss of the fair market value of the property destroyed and plaintiff relied solely on the cost of replacement less depreciation. The court, in our view, correctly rejected the tests put forth by both parties *(Burack v Chase Manhattan Bank,* 9 AD2d 914, affd *sub nom. Burack v Tollig,* 10 NY2d 879) and properly concluded that the value of the premises destroyed must be based on all the evidence presented at trial, including the amount defendant received from his fire insurance carriers. In order to determine the actual value of the property destroyed any fact reasonably tending to throw light upon the subject should be considered, including original cost and the cost of reproduction, expert opinions, declarations against interest, and the gainful uses to which the property might have been put (cf. *McAnarney v Newark Fire Ins. Co.,* 247 NY 176). Plaintiff contended that the replacement cost less depreciation for the destroyed building was $154,720 and the "cost to cure" was $34,200. The defendant, utilizing the fair market value approach, urged that the actual damage to the property amounted to $8,750 and that the "cost to cure" was $6,507. It is also to be noted that in sworn statements to defendant's insurance carriers, the actual cash value of the property before the loss was stated to be $79,495 and the amount of loss and damage stated to be $53,675. The

defendant recovered $45,878 from its insurance carriers. This case was tried without a jury and, therefore, if it appears on all the credible evidence that a finding different from that of the trial court is not unreasonable, then this court must weigh the relative probative force of conflicting testimony and inferences *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). It is within the power of this court to grant the judgment which, upon the evidence, should have been granted by the trial court *(Grow Constr. Co. v State of New York,* 56 AD2d 95). We disagree with the trial court that defendant's statements to its fire insurance carriers were of only minimal significance. Considering the record in its entirety, we are of the view that the actual value of the property destroyed was $20,000. In our opinion, however, the trial court properly determined the "cost to cure" to be $7,500. The judgment should be modified so as to increase the abatement in the purchase price to $27,500. Resettled judgment modified, on the law and the facts, by increasing the abatement in the purchase price to $27,500, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur. [90 Misc 2d 154.]