■ ROGER N. BROOKS, Individually and as Executor of ELLA M. PEASE, Deceased, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 59820.) ROBERT F. GRIFFITH, JR., as Executor of DONALD J. PEASE, Deceased, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 59821.)—Appeals from judgments of the Court of Claims, entered August 9, 1978, in favor of claimants. At about 10:15 A.M. on September 2, 1975, a bright, clear and dry day, the deceased, Donald Pease, was proceeding westerly in light traffic on the Berkshire extension of the New York State Thruway with the deceased, Ella Pease, as his only passenger, in his 1968 Plymouth automobile. The Berkshire extension is a divided, four-lane highway and while crossing a bridge, the Pease car traveled to its left across the westbound passing lane, collided with the curbing, several guardrails and a bridge abutment, and ejected both occupants before finally coming to a stop. Donald Pease was killed instantly and Ella Pease, critically injured, died some 35 days later. The record reveals that at the time of the accident, at a point slightly to the right of the middle of the driving lane and near the expansion joint where the bridge and highway connect, there was a break or hole in the road surface. There was testimony to the effect that the hole occurred as a result of a crumbling process brought about by the application of blacktopping material which was not compatible with and would not adhere to the underlying concrete. The hole measured six inches in length in the direction of travel, two feet perpendicular to same, and it was three and three-quarter inches deep at its deepest point. There is some proof that the hole had been forming for approximately three or four weeks, and all of the testimony was to the effect that the hole could not be seen by westbound travelers before they reached it because of the contour of the bridge and highway. The court found, *inter alia,* that the State was negligent in its maintenance of the subject highway, that the negligence gave rise to and caused the formation of the hole in the road's surface and that the car struck the hole, causing the driver "to impulsively trod on the brake and erratically turn the steering wheel". It awarded damages and apportioned the liability 75% to the State and 25% against the deceased driver. The State appeals. This case was tried before the court without a jury and,

accordingly, if it appears upon all of the credible evidence that a finding different from that of the trial court is not unreasonable, then this court must weigh the relative probative force of conflicting testimony and inferences *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Furthermore, it is within the power of this court to grant the judgment which, upon the evidence, should have been granted by the Court of Claims *(Grow Constr. Co. v State of New York* 56 AD2d 95). This weighing of the evidence leads us to conclude that the judgments must be reversed. The law is clear and long established that the mere happening of an accident, even one causing death, creates no presumption of liability against the State *(Tortora v State of New York,* 269 NY 167). The State is not an insurer of the safety of those who travel its highways. It has a duty to construct and maintain its highways in a reasonably safe condition in accordance with the terrain encountered and the traffic conditions to be reasonably apprehended. Even so, a certain risk is unavoidable (see *Boyce Motor Lines v State of New York,* 280 App Div 693). However, liability will attach when the State has had actual or constructive notice of a dangerous condition *(Harris v Village of East Hills,* 41 NY2d 446, 450) and then fails to take reasonable measures to correct the condition *(Rinaldi v State of New York,* 49 AD2d 361, 363). Our perusal of this record reveals that the claimants have failed to establish the existence of any unsafe or dangerous condition. The experts for both sides testified that a hole of the size and dimensions described in the testimony herein would in no manner deflect a tire passing through it and that the tire of a 1968 Plymouth traveling at the speed ranges testified to would drop no more than seventy-five thousandths of an inch. There is no evidence that striking the hole would produce any bump or other sensation or condition which would cause a reasonably prudent driver to lose control of the vehicle. Accordingly, it was not established that a dangerous condition existed. Moreover, even if the hole could be considered to constitute a dangerous condition, there is no evidence to show that a wheel of the 1968 Plymouth went into the hole, and the presence, length and direction of the skid marks fail to provide a reasonable basis for any such inference to be drawn. Clearly, there is uncertainty as to causation, and other possible causes of this tragic accident are revealed in the record. The rule is well settled that where there are several possible causes of injury, for one or more of which the defendant is not responsible, the plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible *(Ruback v McCleary, Wallin & Crouse,* 220 NY 188, 195). Since the claimants have failed in their proof, the judgments must be reversed. Judgments reversed, on the law and the facts, without costs, and claims dismissed. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Viewing the record in its entirety, there was sufficient evidence to establish that the hole created an unsafe condition and was a proximate cause of the accident. Based upon the observations of the driver of the following vehicle, the circumstantial evidence and the testimony of claimants' expert witness, the findings of the court are supported by the weight of the evidence and should not be disturbed by this court *(Amend v Hurley,* 293 NY 587, 594; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). In a death case, "claimant is not held to as high a degree of proof as where a claimant can himself describe the occurrence *(Noseworthy v City of New York,* 298 NY 76)." *(Brown v State of New York,* 56 AD2d 672, 673-674.) Claimants'

highway traffic engineering expert, Stanley Klein, testified that the hole presented a hazardous condition. In his opinion, a driver could not observe the hole as his vehicle approached it at highway speeds until he was almost upon it. Klein said that "the last minute attempt to avoid it by the sudden evasive turn can easily throw you out of control at 50 miles an hour. You can see it but too late to react to it." Klein testified further that "The impact itself may not be cause enough to cause the wheel to cause inadvertently [sic] and the car to go out of control. The attempt to avoid the hole is the danger." He also stated that the impact with a hole of this dimension would cause a bump to the front tire and the rear tire going over it at 50 miles an hour. The evidence established that the decedents' vehicle turned sharply to its left as it proceeded across the bridge at about 50 to 55 miles an hour. A tire track from a wheel of the vehicle began after the vehicle passed over the hole. The tire markings on the highway also indicated that the driver of the vehicle saw the hole before passing over it. Thus, the reasonable inference is that the driver turned sharply to the left in reaction to the hole and then went out of control, as the Court of Claims found. Other causes for the accident were suggested, but they were either refuted by the evidence or were not supported by any evidence. This record, in my opinion, meets the test set forth in *Boyce Motor Lines v State of New York* (280 App Div 693, 696). The inference that the State was negligent and that the hole was a proximate cause of the accident are the only inferences that can fairly and reasonably be deduced from this evidence. Every other reasonable hypothesis has been excluded. The judgments should be affirmed.