■ S. J. & J. SERVICE STATION, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 58400.) (And Three Other Actions.)—Appeals from judgments, entered October 11, 1978, upon a decision of the Court of Claims, which dismissed claimants' claims. The underlying claims arose from the partial appropriations of airspace above four parcels, one being owned by each of the claimants, pursuant to section 1267-a of the Public Authorities Law and section 30 of the Highway Law, under maps entitled "Avigation Easement, Development of Republic Airport and Republic Transportation Center, Farmingdale, Long Island-Town of Babylon, County of Suffolk, State of New York, for use of the Metropolitan Transportation Authority." All four parcels were located in the unincorporated area of East Farmingdale in the Town of Babylon, Suffolk County. They were also all zoned "G Industry" (light industry) which permitted all uses except residential, gas station and specified hazardous, noxious and/or offensive uses. The taking maps defined planes above the properties and the easement encompassed airspace above the planes. These individual planes were part of a larger, general avigation easement plane rising upward and outward from Runway No. 14 of the Republic Airport. (For a more detailed discussion see *Kupster Realty Corp. v State of New York,* 93 Misc 2d 843.) The purpose of the taking was to meet the specifications for a runway clear zone required for Federal funding of airport improvements. (See 14 CFR Part 152.) The claimants contended that they were entitled to be compensated for consequential damages allegedly arising from the height restrictions imposed by the easements and from the noise, vibrations, pollution and corrosion from aircraft over flights within the easements. The only taking of tangible property was the direct taking of the smokestack and water tower on one parcel; the damages resulting therefrom were settled at the trial and approved by the trial court. No issue is presented here with respect to the taking of that tangible property. We agree with the trial court that the measure of consequential damages in cases involving avigation easements is the diminution of market value, as reflected in the difference in market value before and after the takings *(Kupster Realty Corp. v State of New York, supra).* We further agree with the trial court that, on the facts of this case, a determination of whether the subject easements were full avigation easements or whether they were merely obstruction clearance easements, which would limit the State's liability only to damages resulting from the height restrictions, is not necessary. This is so because the trial court found, and we agree, that except as to the stipulated settlement concerning the tangible property, the claimants did not establish that the market value of the realty had diminished, and thus the claimants were not damaged by the appropriations. Although several witnesses testified on behalf of the claimants, only one witness testified concerning actual diminution in the market value of the parcels. The testimony of that witness, however, was based upon unsound, nonexpert opinion, was speculative, and was otherwise unconvincing. The testimony of the expert who testified on behalf of the claimants with respect to the increase in noise levels was also unconvincing. The expert failed to consider only the increase in noise arising from Runway No. 14 and failed to relate any increase to a diminution in property values. The expert who testified on behalf of the respondent, however, testified that the subject realty was best suited for industrial, light industrial and retail uses and that its utility and market value as such had not been diminished by the easement. In sum, it

appears from the record that the finding of the trial court that, except for the taking of the tangible property on one parcel, the claimants failed to establish any consequential damages arising out of the imposition of the easement, is not against the weight of the credible evidence. The decision, therefore, should not be disturbed *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Judgments affirmed, without costs. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.