■ WILLIAM RESNICK, Doing Business as MODERN LANDS, Respondent, v BEN LEVINE et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 28, 1980 in Sullivan County, upon a decision of the court at a Trial Term, without a jury. Plaintiff commenced the instant action to recover the balance due on a parol contract involving the performance of landscaping work on a lot owned by defendants. The trial court found that the parties entered into a parol contract by which defendants would pay $9 per hour for labor plus the costs of materials. The trial court rejected defendants' contention that a fixed contract price of $6,000 was agreed upon by the parties. Defendants appeal from the award of $7,210.13 damages to plaintiff. Defendants' first contention that plaintiff failed to offer sufficient proof to justify the verdict of the trial court is without merit. At the trial, the evidence created a factual dispute regarding the terms and performance of the contract. The resolution of the issues in favor of plaintiff is supported by credible evidence and the court's verdict should not be disturbed *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). Defendants' next contention that the pages of plaintiff's ledger were improperly admitted into evidence as business records under CPLR 4518 (subd [a]) is rejected. There was sufficient testimony to enable the trial court to find that the ledger was a record kept in the ordinary course of business (see *Matter of Lo Dolce,* 16 AD2d 827, app dsmd 12 NY2d 874). Finally, it appears that the trial court utilized certain erroneous figures entered in the ledger in its computation of damages making the total damages awarded erroneous. Accordingly, we modify the award to avoid unjust enrichment to the plaintiff even though the issue was not

raised *(Shipman v Words of Power Missionary Enterprises, supra)*. There was a $300 error involving ties, an $18 error involving labor and a $40 mistake concerning loads, all in favor of plaintiff. Judgment modified, on the facts, by decreasing the amount of plaintiff's award by $358 and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.