■ VINCENT J. PETROLAWICZ, JR., Respondent, v JOSEPH SCUDERI, Doing Business as PYRAMID BROKERAGE Co., Appellant. — Appeal (1) from an order of the Supreme Court in favor of plaintiff, entered April 6, 1980 in Broome County upon a decision of the court at a Trial Term (Kuhnen, J.), without a jury, and (2) from the judgment entered thereon on April 11, 1980. In April of 1972, defendant Joseph Scuderi, doing business as Pyramid Brokerage Company (PBC), hired plaintiff as a salesman. The agreement was oral and some of the terms are in dispute. Scuderi testified that the hiring conditions provided that commissions would be split 45% for the salesman and 55% for the brokerage house although for the particular project in question plaintiff was to receive a 10% commission. Plaintiff contends that the oral agreement provided that a salesman would receive commissions once a deal was closed regardless of whether he was still employed by PBC. Defendant contends that there was no agreement at the time of hiring as to the payment of commissions after a salesman left PBC's employ. Plaintiff testified that in January, 1973 he began working on a possible shopping mall site acquisition in the Ithaca area. He also testified to the extent of his participation and admitted that he did not participate in all option conditions. Defendant contends that plaintiff was asked to gather information on available property and was to receive only a 10% listing commission instead of the usual 45% commission. An option agreement was executed in October, 1973. Thereafter, on February 12, 1974, plaintiff signed an employment contract prepared by defendant which provided that a salesman would lose his commission if his employment was either voluntarily or involuntarily terminated prior to execution of the lease, offer to purchase or other contract. The contract was silent with respect to its application to signed options pending at the time of its execution. In August, 1974, plaintiff left PBC and in October, 1975 the option was exercised and the deal subsequently closed. PBC was paid a $42,000 commission. Plaintiff commenced the instant action to receive his claimed 45% share of the commission pursuant to the oral contract. After a trial without a jury, the court found for plaintiff. This appeal ensued. Basically, defendant raises two issues urging reversal. He contends that the court erred in allowing parol evidence to vary the terms of the written agreement of February 12, 1974 and that the plaintiff failed to establish his case by a preponderance of the credible evidence. While

parol evidence is generally not admissible to vary or contradict a written agreement, such evidence is admissible to ascertain the intention of the parties where there is ambiguity in the agreement *(Geary v Dade Dev. Corp.,* 62 AD2d 1083). We believe the instant agreement to be ambiguous as it does not indicate whether the parties intended the agreement to apply to signed options pending at the time the employment contract was executed. Consequently, parol evidence was properly admitted. From our examination of the record in its entirety, we are also of the opinion that the trial court's findings and conclusions are not contrary to law nor against the weight of the credible evidence and, therefore, should not be disturbed *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). While there was considerable conflict in the testimony offered by the parties, such merely raised questions of credibility for the court to resolve which the court decided in favor of plaintiff. Since the court saw and heard the witnesses, these findings will not be lightly set aside *(Matter of Tabler,* 73 AD2d 101). Buttressing plaintiff's testimony is the fact that defendant prepared the contract and any ambiguities should be construed most strictly against the preparer of the document (see *Evelyn Bldg. Corp. v City of New York,* 257 NY 501, 513). The order and judgment should be affirmed. Order and judgment affirmed, with costs. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.