■ SHANDAKEN REFORMED CHURCH OF MOUNT TREMPER, Respondent, v JOSEPH LEONE et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 6, 1981 in Ulster County, upon a decision of the court at Trial Term (Marinelli, J.), without a jury. This is an action to recover real property. In 1964, defendants purchased a parcel of real property adjoining the northern boundary of plaintiff's property. The property in dispute is approximatey 160 feet in length and 30 feet in width and lies between plaintiff's driveway on the south and the acknowledged property of defendants on the north and consists of lawn and an area used as a garden. After a nonjury trial, in which defendants claimed ownership by deed and, in the alternative, by adverse possession, the court decided in favor of plaintiff. The court found that the land in question is part of plaintiff's property; that defendants' predecessor in title was given permission to use the land; that there was no positive assertion of a right hostile to plaintiff by defendants; and that, consequently, there was no adverse possession. This appeal ensued. On the issue of ownership by deed, the record reveals that defendants' deed did not completely describe their property and plaintiff offered no deed to establish title. Plaintiff, however, called a land surveyor who testified that he surveyed the land in question and prepared a map based upon deed of adjoining property and that in preparing the map he discovered monuments marking the corners of defendants' property somewhat north of plaintiffs driveway. Based on the evidence, particularly the surveyor's testimony, including the map, we are of the opinion that there is ample proof to support the trial court's finding on this issue and we should not, under the circumstances, disturb it. We now pass to the issue of ownership by adverse possession. Plaintiff offered proof by a deacon of the church that the church by resolution granted permission to defendants' predecessor in title to maintain a garden on the property in question. The entry onto the property must be strictly adverse to the title of the rightful owner in order for title to be acquired through adverse possession and

if the first possession is by permission it is presumed to so continue until the contrary appears (*Lewis v New York Harlem R.R. Co.,* 162 NY 202, 220). When possession is permissive in its inception, adverse possession will not arise until there is a distinct assertion of a right hostile to the owner and brought home to him (see *Hinkley v State of New York,* 234 NY 309, 317; *Moore v Day,* 199 App Div 76, 86, affd 235 NY 554). In the present case, the trial court found insufficient evidence of such a distinct assertion on the part of defendants and concluded that their claim of adverse possession must fail. Defendant Joseph Leone testified that he maintained a garden on the land in dispute but his testimony is somewhat vague as to the area covered by the garden and the exact years the garden was planted. Defendant also offered proof that he and his predecessors mowed the lawn in the area in question. Again the proof in this regard lacks specificity. Plaintiff offered proof that it caused the lawn to be mowed from time to time. While questions of credibility were raised by the testimony of the witnesses at trial, the trial court's findings in this regard will not be lightly set aside (*Petrolawicz v Scuderi,* 82 AD2d 1001). Considering the record in its entirety, we are of the opinion that the trial court's findings are not contrary to law nor against the weight of the credible evidence and, therefore, should not be disturbed (*Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Accordingly, the judgment must be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.