■ GEORGE GRILLIAS, Respondent, et al., Plaintiff, v D'AR-RIGO BROTHERS Co., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated October 7, 1987, which, upon a motion for judgment as a matter of law made at the close of the evidence, on the issue of liability, and a jury verdict as to damages, is in favor of the plaintiff George Grillias and against the defendant in the principal sum of $151,700.

Ordered that the judgment is affirmed, with costs.

The sole issue on appeal is the propriety of the trial court's granting of the respondent's motion for judgment as a matter of law on the issue of liability. The respondent was injured when he was struck in the back by a large container being transported on a jack operated by an employee of the defendant. The employee claimed that the respondent saw him approaching, moved out of the way, and then somehow moved back into the path of the jack. He acknowledged, however, that he never saw the respondent move. The respondent and several other witnesses to the accident testified that the respondent never saw the employee approach, and certainly never moved out of the way.

It is well established that the standard to be applied in deciding a motion for judgment as a matter of law is whether the trial court could find that by no rational process could the trier of fact base a finding in favor of the party opposing the motion upon the evidence presented *(Lipsius v White,* 91 AD2d 271; *McCloud v Marcantonio,* 106 AD2d 493; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). Here the respondent clearly established that his injuries were the result of the negligence of the defendant's employee. The evidence to the contrary, the employee's testimony that the respondent must have moved

into the hand jack's path, is based upon "conjecture and speculation which is no substitute for proof" *(Kinch v Adams,* 46 AD2d 467, 469; *De Mayo v Yates Realty Corp.,* 35 AD2d 700, *affd* 28 NY2d 894). Under the circumstances, the trial court did not err in granting the respondent's motion for judgment as a matter of law on the issue of liability. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.