MELINDA P. SCHMIDT, as Executrix, etc., Respondent, v. ELISE M. JEWETT and Others, Respondents. FRITZ LEOPOLD SCHMIDT, JR., Appellant.— Motion to dismiss appeal denied, without costs, without prejudice to renewal when the case may appear on the calendar. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

MAX BERNSTEIN, Respondent, v. SAMUEL GOLDSTICKER, Appellant.— The jurisdiction to require defendant to convey in fee for the consideration agreed, less an abatement for the calculated value of the dower right, is now settled. (Bostwick v. Beach, 103 N. Y. 414; Maas v. Morgenthaler, 136 App. Div. 359.) Having taken jurisdiction to enforce plaintiff's lien as vendee for payment of part purchase money, the equity court could go on and decree money damages as an alternative to taking such a deed from the husband only, with such dower right outstanding. The judgment is, therefore, unanimously affirmed, with costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

THOMAS F. BYRON, Respondent, v. LA MURA CONTRACTING COMPANY, INC., Appellant.— Order granting plaintiff's motion to compel defendant's attorneys to accept service of complaint reversed, and motion denied. Order denying defendant's motion to dismiss complaint reversed, and motion granted, and complaint dismissed, with costs and ten dollars costs and disbursements of this appeal, on authority of Byron v. La Mura Contracting Co., Inc. (187 App. Div. 836), decided herewith. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

CLARA E. F. COHEN, Respondent, v. MEYER COHEN and Another, Defendants, Impleaded with RALPH E. ROGERS, as Trustee in Bankruptcy, etc., Appellant.— Judgment reversed as to defendant Rogers, trustee in bankruptcy, and a new trial granted, with costs to abide the event. The letter written by the husband to the wife is not a deed or conveyance of the property, and was not effective to vest the title in her. It is a private communication from husband to wife and obviously not intended as a muniment of title. It failed in the requirements of a specific grantor, a specific grantee, a proper designation of the property, a recital of the consideration, and it contained no technical operative words. It disclosed on its face an intent thereafter to clothe plaintiff with the legal title. Assuming that the letter can be regarded as a conveyance within the meaning of the statutes, it was not acknowledged before delivery, and its execution and delivery were not attested by a subscribing witness. Therefore, it did not take effect as against the defendant trustee in bankruptcy, who was the purchaser of the property within the meaning of that word as used in the statute (Real Prop. Law, § 243). This action is founded on an allegation of the legal title in the plaintiff, and for that reason it must fail as to this defendant. It is not the concern of this court to determine now what equitable rights the plaintiff may have derived from her reliance upon the promise contained in the letter and her expenditure of money upon the strength of it. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.