ABRAM. KAPLAN, complainant,

*v.*

MORRIS BERNSTEIN, defendant.

[Submitted July 25th, 1924. Decided July 30th, 1924.]

**Specific Performance—Defense of Unmarketable Title—Alleged Defective Description in Deed—Defect Curable by Reference to Earlier Deeds and Maps Which Were Referred to.**

On motion to dismiss bill.

*Messrs. Corn & Silverman,* for the complainant.

*Mr. Frederick W. Schlosslein,* for the defendant.

FOSTER, V. C.

Complainant's bill seeks a decree to compel defendant to specifically perform a written contract to purchase certain lands on Mapes avenue, in the city of Newark.

The defects in the bill pointed out by defendant as showing the title to the premises to be unmarketable are: (1) That the description in the deed under which complainant acquired title describes the property as being located on the southerly side of *Maple* avenue, when in fact it is located on the southerly side of *Mapes* avenue; and (2) that in the description of the property contained in this deed to complainant the second course is omitted.

Title to the premises in question is derived from Weequahic Park Land and Improvement Company, who developed the tract on which the lot in question is located, and filed a map of the same about 1904.

This company conveyed the premises in question and other property by reference to this map to Joseph and Blanche Conlombe.

The Conlombes conveyed the lot in question to one C. A. Widmer, by deed dated April 2d, 1910, by reference to the map aforesaid. In this conveyance the error in the name of the street, and the omission of the second course in the description, first occur.

Widmer, in 1910, sold to one Tuttle, by the same description, and subject to a mortgage in which the property is correctly described. In 1911 Tuttle sold to one Ondrak by the same description, and subject to the same mortgage, and in December, 1923, Ondrak sold to complainant by the same description, by recitals or reference to some of the preceding conveyances.

It is admitted that the mortgage to which some of the above-mentioned conveyances were subject, and which was canceled of record in 1917, contains a complete and correct description of the premises in question.

In all of the conveyances reference is made to the map of the Weequahic Park Land and Improvement Company, which is on record in the office of the register of the county.

From these references to the map, to the mortgages and to prior deeds, the incomplete description in complainant's deed can be completed, and the quantity and location of the land agreed to be conveyed can be readily ascertained.

The reference to the map, it is conceded, cures the mistake in the name of the street, and it appears that the omitted course in the description can be ascertained and supplied from the map, the mortgage and the prior conveyances mentioned and referred to in the deed to complainant.

The sole purpose of a description of land contained in a conveyance is to identify the subject-matter of the grant. This may be done in words at length, or by reference to some other deed or record containing such a description, and when the deed in this manner refers to another deed, it has the effect of incorporating the latter deed in the description, so that what is therein described will pass. *Mitchell* v. *D'Olier, 68 N. J. Law 375; 8 R. C. L. 1078, 1079;* see *134, 135.*

As the omissions mentioned do not affect the validity of complainant's title, the motion to dismiss the bill will be denied.