In the Matter of STANLEY M. LAZARUS, an Attorney, Respondent.

First Department, December 27, 1935.

*Thomas G. Flaherty* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*George Gordon Battle* and *Raphael P. Koenig* of counsel, for the respondent.

MARTIN, P. J. The respondent was admitted to the bar of this State on November 6, 1916, at a term of the Appellate Division of the Supreme Court, First Department. On the 13th day of January, 1933, charges of professional misconduct were filed against him by the petitioner and the matter referred to an official referee. The latter has reported the respondent guilty of having induced one David H. Adler to purchase fifty shares of the capital stock of the Celotex Corporation for the express purpose of instituting a receivership action through which both the respondent and Mr. Adler were to profit by participation in the refinancing of the company and otherwise. The action was instituted by the respondent but abandoned in the face of an investigation by the United States Attorney-General. The respondent has also been found guilty of having suppressed the truth and of giving false and misleading testimony before the Attorney-General upon said investigation.

Mr. Adler, in whose behalf the stockholder's action was instituted, had been employed by the respondent and his associate as a process server and investigator for several years prior to 1928. In or about that year, Mr. Adler had become engaged in the building business in New Jersey. Not meeting with success, he returned to New York in April or May, 1930, and again frequented the respondent's office. Obviously he had neither the experience nor the financial ability to undertake the refinancing of the Celotex Corporation. Assuming, as claimed by the respondent, that Adler, having heard the respondent discuss with others the feasibility of refinancing the corporation, had inquired of respondent what was necessary to enable one to apply for a receiver and what could be gotten out of it. It appears, according to the testimony of the respondent, that he advised the purchase of the stock and stated the reward for starting an action for receivership would be compensation for the refinancing; that the respondent and Adler would work together on the proposition, and that if respondent received any compensation by way of a commission for refinancing this company or bringing about the refinancing, he would compensate Adler out of the commission. Again, assuming that was in fact the purpose for which the action was instituted, these acts clearly constitute a violation of the law and of rule III of the Special Rules Regulating the Conduct of Attorneys and Counselors-at-Law, Appellate Division, First Department, prohibiting champerty and maintenance.

At the hearing before the Attorney-General the following questions were asked of the respondent, to which he replied as indicated: " Q. Did he, Adler, tell you when he had purchased his stock in Celotex? A. No. Q. Did he tell you whether he bought those in the open market or where he bought them? A. I didn't inquire.

Q. Do you know where his certificate of stock originally came from? A. No, I don't."

As pointed out by the learned referee, the respondent well knew when he made these answers what information the questions were intended to elicit, and that he had personal knowledge thereof. In view of his testimony and the circumstances under which he induced Mr. Adler to purchase the stock and his knowledge of how and when the stock was purchased and paid for, the answers may also fairly be said to be false. When asked by the Attorney-General to state what his connection was with the purchase of the stock, respondent refused to answer, upon the ground that it might tend to incriminate or degrade him. At a second hearing before the Attorney-General he answered the questions truthfully, but at that time he knew that one Hertzberg, to whom the respondent had given the order to purchase the stock, had been examined and had disclosed the true facts.

It is not an answer, as urged by respondent, that he was panic stricken by the investigation and by the thought that it was the purpose of the Attorney-General to involve him in an attempt to manipulate the market action of the stock, and, therefore, he desired by evasive answers to give as little information as possible. Irrespective of the real reason, it was an intentional suppression of the truth and an attempt to mislead.

The punishment in this case should be a salutary lesson to all attorneys who institute " strike " actions of any description. Litigation of this kind was heretofore confined principally to personal injury actions, but now appears to have spread to other fields.

If the bar desires to retain the respect and confidence of the people, it must act promptly and vigorously to rid the profession of the undesirable element which is imposing not only upon clients, but upon other innocent people, by bringing fraudulent actions, where there exist absolutely no cause of action of any description. Such attorneys must have impressed upon them the fact that a certificate to practice law does not carry with it a license to prey on the public.

The respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Respondent suspended for one year.