OWEN McGURL et al., Plaintiffs, *v.* MARGARET McG. BURNS et al., Defendants.

Supreme Court, Special Term, Kings County, April 7, 1948.

*Anthony Olivo* for defendants.

*John D. Armstrong* for plaintiffs.

UGHETTA, J. Motion to dismiss the complaint for legal insufficiency. The major attack on the complaint is leveled against the sufficiency of the writing as constituting a conveyance of an

undivided one-half interest in the real property involved. The questioned writing reads as follows:

"$.......... Nov. 1st, 1935
.................AFTER DATE..........PROMISE TO PAY TO
THE ORDER OF ' Mrs. Owen McGurl Senior ·
We resign any further claim
to property at 9009 Ft. H. Pway, Brooklyn
VALUE RECEIVED in payment of the $2,000
we borrowed & will never be able to pay
No......... DUE..........
back in cash .                     MARGARET McGRATH BURNS
                                          Philip Burns

Sworn to before
me this 2nd day of
November
     George Shakin
GEORGE SHAKIN, Notary Public
Kings County; Kings Co. Clk.-
No. 0055, New York County
Clerk's No. 1032
Commission expires March 30, 1936."

It is my view that the aforesaid instrument meets the essential requirements of the test set forth in *Cohen* v. *Cohen* (188 App. Div. 933) relied upon by the defendants as authority for the contention that it is insufficient.

In the *Cohen* case (*supra*), a husband wrote a letter to his wife stating in substance that "the lots in Kensico are yours. I make you a present of them * * *." (Record on Appeal, page 43, fol. 128.) In its memorandum decision, the Appellate Division of this department stated in part: "The letter written by the husband to the wife is not a deed or conveyance of the property, and was not effective to vest the title in her. It is a private communication from husband to wife and obviously not intended as a muniment of title. It failed in the requirements of a specific grantor, a specific grantee, a proper designation of the property, a recital of the consideration, and it contained no technical operative words."

Concededly, the instrument in question is not in recordable form (it is to remedy this latter deficiency that this action is brought), but testing the paper in the light of the foregoing requirements, it seems to me that the words "Mrs. Owen McGurl Senior" indicate the specific grantee; the words "property at 9009 Ft. H. Pway, Brooklyn" sufficiently identify

the property; the words " in payment of the $2,000 we borrowed & will never be able to pay back in cash " set forth the consideration for the grant; the words " We resign any further claim to property etc." are sufficient to indicate a " surrender " of any claim to the property by the signers, Margaret McGrath Burns and Philip Burns, as grantors.

The other contentions of the defendants have been considered and found to be without merit.

Accordingly, the motion is denied. Settle order on notice.