■ THOMAS H. CAMERON et al., Appellants, v WILLIAM J. ANDRUKIEWICZ et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered October 17, 1980 in Rensselaer County, upon a decision of the court at Trial Term (Conway, J.), without a jury. On February 16, 1976, plaintiffs conveyed by warranty deed (Document A) a 96.8-acre parcel to defendants, their daughter and son-in-law. Simultaneously, another document (Document B) was signed by defendants which ostensibly conveyed one half of the same parcel back to plaintiffs. Document A was recorded in the Rensselaer County Clerk's office. Document B, initially retained by defendants' attorney, was subsequently recorded in the Rensselaer County Clerk's office by plaintiffs. In July, 1976, defendants mortgaged the entire parcel to the Federal Land Bank of Springfield, with a portion of the proceeds of this mortgage being used to satisfy plaintiffs' existing mortgage on the property. In addition, $2,300 of the mortgage proceeds was paid to plaintiffs with the remainder of the $27,000 purchase price being paid by an assignment by defendants to plaintiffs of a mortgage held by defendants, cash payments, and by the grant of

12 months' rent-free occupancy of the dwelling located on the subject parcel. Plaintiffs allege that defendants fraudulently obtained the 96.8-acre parcel of land, and contend that Document B was a warranty deed conveying one half of the property back to them. They further allege that defendants defrauded them by encumbering the entire parcel with a mortgage. After this action had been commenced, the mortgagee instituted a foreclosure action. After a joint trial of both actions without a jury, the court dismissed plaintiffs' complaint and directed the Rensselaer County Clerk to cancel the purported reconveyance (Document B). Plaintiffs have appealed. The judgment should be affirmed. Plaintiffs argue for the first time on this appeal that Document B served to evidence a constructive trust in favor of their son. Since this issue was neither presented to the trial court, nor made part of this record, we need not review it (*Bankers Trust Co. of Albany v Martin*, 51 AD2d 411, 413-414). However, having examined the record in its entirety, we note the absence of evidence sufficient to support the existence of a constructive trust (see *McGrath v Hilding*, 41 NY2d 625, 629; *Sharp v Kosmalski*, 40 NY2d 119, 121). Plaintiffs' remaining contention is that the trial court erred in finding that a gift was made to defendants of one half of the property, and in finding that Document B should be construed as a promissory note. Upon examination of the entire record, we are of the opinion that the findings and conclusions are neither contrary to the law nor against the weight of the credible evidence, and that, accordingly, they should not be disturbed (*Petrolawicz v Scuderi*, 82 AD2d 1001; *Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052). The issue of donative intent is to be determined by the trier of the facts (*Matter of Housman*, 224 NY 525, 527; *Matter of Kilts*, 54 AD2d 772, 773). The trial evidence contradicted plaintiffs' contentions both as to the making of any reservation for their son, and concerning receipt of consideration from defendants. Questions of credibility were for resolution by the court which observed the witnesses. These findings will not be lightly set aside (see *Matter of Tabler*, 73 AD2d 101). Viewing the evidence in a light most favorable to the successful party (*Matter of Kornblum Metals Co. v Intsel Corp.*, 38 NY2d 376, 379), we find that the trial court properly determined that one half of the conveyed parcel was intended as a gift, and that the absence of a valid and legal description in Document B precludes its use as an enforceable deed of conveyance (see *Peterson v Martino*, 210 NY 412, 420; *Town of Brookhaven v Dinos*, 76 AD2d 555, 563). The record further supports the finding that Document B was intended to be a promissory note which was paid in full by defendants. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.