ALBIN REKIS, Appellant, v LAKE MINNEWASKA MOUNTAIN HOUSES, INC., et al., Respondents.

Third Department, August 8, 1991

## APPEARANCES OF COUNSEL

*Kellar & Kellar (Norman Kellar* of counsel), for appellant.

*Rusk, Wadlin, Hepner & Martuscello (John G. Rusk* of counsel), for respondents.

CASEY, J.

Plaintiff commenced this action seeking, *inter alia,* a judgment declaring his rights to a five-acre parcel of property which was formerly part of a large tract of land consisting of several thousand acres in Ulster County known as Lake Minnewaska. The large tract was owned by defendant Lake Minnewaska Mountain Houses, Inc. (hereinafter LMMH), which had employed plaintiff for several years prior to 1987. As part of his compensation, plaintiff was allowed to reside in a house located on the five-acre subject parcel of property.

In May 1987, plaintiff was asked to appear at the offices of LMMH's attorneys to sign some documents related to his staying on the property for a period of time. Among the documents was an agreement between LMMH and plaintiff which provided, in pertinent part, that:

"WHEREAS, 'Lake Minnewaska' is about to be conveyed to the Nature Conservancy and thereafter to the State of New York for use as a public park and recreation area in order to avoid condemnation; and

"WHEREAS, the State of New York has permitted LMMH to express its gratitude and appreciation to [plaintiff] for his many years of service by permitting LMMH to provide a residence for [plaintiff] on a portion of the Lake Minnewaska property. * * *

"1. LMMH agrees to convey to [plaintiff] the real property together with improvements thereon as described in Schedule 'A' annexed hereto.

"2. The Deed of Conveyance shall be executed simultaneously with this agreement and recorded prior to the closing of title with the Nature Conservancy. * * *

"4. Simultaneously with the execution of this Agreement, [plaintiff] shall execute and deliver the deed of conveyance of the property in Schedule B to LMMH.

"5. The Deed shall be held in escrow * * * until the closing of title with [the] Nature Conservancy and recorded * * * immediately after the conveyance to the Nature Conservancy. * * *

"8. LMMH agrees to contribute the sum of $5,000 towards the costs of improving the premises described in Schedule A and agrees to pay the costs of installation and connection of a new well for potable water."

When plaintiff executed this agreement with LMMH and the deed referred to in paragraph 4 of the agreement, he was unaware that the contract of sale of the large tract of land to the Nature Conservancy contained the following provision: "Notwithstanding anything to the contrary contained in this Agreement, the parcels described in *Exhibits C-1 and C-2* attached thereto \* \* \* shall not be included in the Premises to be conveyed by Seller to Purchaser as provided herein. At or before the Closing, Seller shall convey or cause to be conveyed to [plaintiff] \* \* \* the parcel[] described in Exhibit C-1" (emphasis in original).

It is undisputed that the parcel to be conveyed to plaintiff pursuant to the foregoing provision is the same parcel as that described in the deeds executed by LMMH and plaintiff pursuant to their agreement. When plaintiff learned of the provision in the Nature Conservancy contract which required conveyance to him of the subject parcel, he commenced this action, alleging that the deed executed by him in favor of LMMH was void, that he was a third-party beneficiary under the Nature Conservancy contract and that LMMH was guilty of fraud. Following a hearing before a Judicial Hearing Officer (hereinafter JHO), plaintiff's complaint was dismissed for failure to prove entitlement to any relief. These appeals followed.

At the hearing, plaintiff testified that the deed signed at the offices of LMMH's attorneys in May 1987 contained no description of the property to be conveyed by the deed, and defendants presented no evidence to the contrary. The JHO specifically found that plaintiff "was asked to and did sign a deed in blank, which was filled in later to convey his house and five acres to LMMH". A deed which contains a blank space instead of a description when signed is not an instrument of conveyance, and if the necessary words are inserted thereafter, the completed instrument is not one which was executed by the signer *(see, Hulburt v Walker,* 258 NY 8, 11). Thus, the deed executed by plaintiff was void and it was not made valid by the filling in of a description after its delivery (1 Rasch, New York Law and Practice of Real Property § 24:34, at 809 [2d ed]). The court in *Hulburt v Walker (supra,* at 20) indicated that a party who signs a blank deed and has it acknowledged may be estopped from repudiating the deed because of his negligence. It is apparent from the court's discussion of the estoppel doctrine in relation to blank instruments *(supra,* at 16-21) that the doctrine is available to inno-

cent third parties who have no knowledge of the defect and rely upon the subsequently completed instrument. Here, however, LMMH procured plaintiff's signature and acknowledgment on the blank deed, which was prepared by LMMH's agent, and, therefore, LMMH knew or should have known that the deed was void. Accordingly, there is no basis for LMMH to assert the doctrine of estoppel, and based upon the JHO's finding that plaintiff signed a blank deed, plaintiff is entitled to a declaration that the deed was void.

As to plaintiff's claim concerning the provision of the contract of sale of the large tract of land to the Nature Conservancy,* the JHO concluded that plaintiff had no rights in the absence of privity to the contract. Lack of privity, however, does not preclude plaintiff from seeking to enforce the contract. "It is old law that a third party may sue as a beneficiary on a contract made for his benefit" *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655). "Nonparty enforcement of a contractual promise is limited to an 'intended' as contrasted with an 'incidental' beneficiary * * *. One is an intended beneficiary if one's right to performance is 'appropriate to effectuate the intention of the parties' to the contract *and* either the performance will satisfy a money debt obligation of the promisee to the beneficiary or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance' " *(Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159, 161, quoting Restatement [Second] of Contracts § 302 [1] [a], [b] [emphasis in original]).

■ We find that the relevant contractual provision in this case admits of no other interpretation than that plaintiff's right to the conveyance provided for in the contract is appropriate to effectuate the intention of the parties and that the promisee (the Nature Conservancy) intended to give plaintiff the benefit of the conveyance. Our conclusion concerning the intent of the promisee is based on the fact that this is not a case where several parties, including those who are party to the contract and those who are not, will benefit by the promisor's performance *(see, e.g., Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38). Instead, plaintiff is the direct and only beneficiary of the promise to convey the

---

* Although the dissent characterizes this claim as raising the key issue for resolution of the entire dispute between the parties, the claim is only one of several raised by the parties and the issue is no more dispositive of the parties' rights than any of the other issues.

property, and conveyance of the property to plaintiff was necessary to carry out the Nature Conservancy's intent, manifest in the agreement, that the promisor retain no interest in any of the property subject to the agreement. That the Nature Conservancy intended the conveyance to plaintiff to occur is further established by the requirement that the property be conveyed to plaintiff at or before the closing of the Nature Conservancy's purchase of the remainder of the property, not at some future time long after the other provisions of the contract had been performed. The promisor's intent to recognize plaintiff's years of service as a faithful employee could have been satisfied by a provision requiring a life estate or a fixed term, but instead, at the promisee's insistence, article X of the contract requires a conveyance to plaintiff. It is clear, therefore, that the conveyance provision of article X is not solely for the purpose of satisfying the promisor's intent, but also is in furtherance of the promisee's intent that the entire tract of land, including the subject parcel, be conveyed by the promisor so that upon closing of the contract the promisor would retain no interest in any of the land. With respect to the subject parcel, the promisee's intent could only be satisfied by a conveyance to plaintiff and, therefore, plaintiff is a third-party beneficiary entitled to enforce the provision despite the absence of privity.

■ Next, we find no error in the dismissal of plaintiff's causes of action based upon the allegations of fraud. It is true that LMMH's failure to disclose the existence of the provision in the Nature Conservancy contract concerning the conveyance to plaintiff may have constituted a false representation because LMMH had a superior knowledge which was not available to plaintiff when he executed the agreement with LMMH (see, Young v Keith, 112 AD2d 625, 626-627). To succeed on his claim, however, plaintiff was required to show concealment with intent to defraud (see, Nasaba Corp. v Harfred Realty Corp., 287 NY 290, 295), and the evidence is insufficient to show the necessary intent. It is apparent from the record that LMMH's principals acted under the belief that the conveyance required by the provision in the Nature Conservancy contract would be satisfied by giving plaintiff some lesser interest in the property than fee title, and the agreement with plaintiff was an inept attempt to provide plaintiff with the right to reside on the property for a period of time. Although the principals of LMMH were wrong in their belief as to what was required by the provision in the Nature

Conservancy contract, evidence of an intent to deceive is lacking.

■ As to the contract between plaintiff and LMMH, which plaintiff seeks to have declared null and void, it is the general rule that a contract is voidable under the equitable remedy of rescission if the parties entered into the contract under a mutual mistake of fact which is substantial and existed at the time the contract was entered into *(Ryan v Boucher,* 144 AD2d 144, 145; *Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703). Here LMMH entered into the contract under a mistaken belief as to plaintiff's rights under the Nature Conservancy contract and plaintiff had no knowledge of those rights. In addition, although the parties were of the belief that the purpose of their agreement was to provide plaintiff with the right to reside on the property for a period of time, the contract contains no provision giving him any such right. In these circumstances, we are of the view that the contract was entered into under a mutual mistake of fact and should, therefore, be rescinded.

Inasmuch as we have declared void plaintiff's deed to LMMH, plaintiff becomes the owner of title to the property pursuant to the deed executed by LMMH. Although LMMH's deed to plaintiff was executed pursuant to the contract which should be rescinded, the deed should remain in full force and effect because it provides plaintiff with that to which he is entitled as third-party beneficiary under the Nature Conservancy contract.

LEVINE, J. (dissenting). I respectfully dissent. The key issue for the resolution of the entire dispute between the parties is whether plaintiff acquired a legally enforceable right to acquire fee-simple title to the five-acre subject parcel as a third-party beneficiary of the sales contract for the entire tract between defendant Lake Minnewaska Associates (hereinafter LMA) and the Nature Conservancy. Plaintiff relies upon article X of that agreement, which provided for the exclusion from the promised conveyance of the entire tract of the improved parcel plaintiff occupied and another parcel occupied by Edward Luddicke and Janet Luddicke, and further provided for LMA to convey those parcels to plaintiff and the Luddickes, respectively, by deeds containing restrictions, *inter alia,* against further subdividing and commercial use.

New York has adopted the criteria of Restatement (Second) of Contracts § 302 to determine whether a nonparty benefi-

ciary of a promise in a contract has a right to enforce the promise as an "intended beneficiary" *(see,* Restatement [Second] of Contracts § 302 [1]) rather than an "incidental beneficiary" *(see,* Restatement [Second] of Contracts § 302 [2]; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44-45). "Essential to status as an intended beneficiary under subdivision 1 of [section 302] is either that 'performance of the promise will satisfy an obligation of the *promisee* to pay money to the beneficiary' or that 'the *circumstances* indicate that the *promisee* intends to give the beneficiary the benefit of the promised performance' " *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra,* at 44 [emphasis supplied]). Concededly, the purpose of the conveyance of title to plaintiff was not to satisfy anyone's pecuniary obligation *(see,* Restatement [Second] of Contracts § 302 [1] [a]). Thus, in this case the issue comes down to whether the "circumstances indicate[d]" that the Nature Conservancy, the promisee of any promise of LMA to convey title to plaintiff, "intend[ed] to give [plaintiff] the benefit of the promised performance" (Restatement [Second] of Contracts § 302 [1] [b]), and parol evidence was properly admitted to establish such surrounding circumstances *(see, Cutler v Hartford Life Ins. Co.,* 22 NY2d 245, 253; 4 Corbin, Contracts § 779D, at 50).

The uncontradicted evidence was that only LMA, the promisor, and its principals had any intent to benefit plaintiff and that the exclusion of the parcel plaintiff resided on from the sale of the entire tract was made in recognition of plaintiff's years of service as a faithful employee and the difficulties he would encounter in relocating. LMA, as promisor, did not bargain for any promise or performance from the Nature Conservancy in exchange for the undertaking to convey the parcel to plaintiff, nor did it receive any such consideration. I find no evidentiary support whatsoever in the record for the majority's supposition that the Nature Conservancy for some unknown reason intended and then insisted that LMA completely divest itself of any interest in the subject, improved five-acre parcel. Rather, the only inference to be drawn from the evidence is that article X was inserted in the contract at the insistance of LMA. Thus, the evidence of the circumstances surrounding the inclusion of the undertaking to convey to plaintiff in article X of the contract between LMA and the Nature Conservancy does not support plaintiff's status as an intended beneficiary having enforcement rights under Restatement (Second) of Contracts § 302.

Another highly respected authority on the law of contracts likewise would deny plaintiff's rights as a third-party beneficiary because of the foregoing lack of donative intent on the part of the Nature Conservancy as promisee. Thus, Corbin states that "[i]n third party cases, the right of such party does not depend upon the purpose, motive, or intent of the promisor" (4 Corbin, Contracts § 776, at 16). Unless the third party is a creditor beneficiary of the promisee, the enforcement of any undertaking of the promisor may only be had "if the promised performance will be of pecuniary benefit to [the third party] and the contract is so expressed as to give the promisor reason to know that *such benefit is contemplated by the promisee as one of the motivating causes of his making the contract*" (4 Corbin, Contracts § 776, at 18 [emphasis supplied]). And, Corbin reiterates that "[i]n the present text it has been assumed that one who claims as a 'donee' beneficiary must show that the promisee bargained for the promise with a donative intention" (4 Corbin, Contracts § 779D, at 49).

It follows from the foregoing that, contrary to the majority's conclusion, the fact that in the contract between LMA and the Nature Conservancy plaintiff is expressly named as the beneficiary of the promise to convey the parcel is not sufficient to entitle him to enforcement rights as a third-party beneficiary. Under the case law dealing with the specific issue, if the promisee lacked donative intent toward the third party, the latter, even if expressly named or immediately identifiable at the time of the contract formation, is still considered merely an incidental beneficiary without any right to enforce the promise *(see, Walters v Calderon,* 25 Cal App 3d 863, 102 Cal Rptr 89; *Ridder v Blethen,* 24 Wash 2d 552, 166 P2d 834; *see also, Matter of Conay,* 29 Misc 2d 1090, 1093, *affd* 284 App Div 950). Putting the resolution of the key issue in its simplest terms, LMA inserted the contract provision for the conveyance to plaintiff as a purely gratuitous undertaking out of a sense of loyalty or moral obligation to a faithful employee who had already been fully paid for his services. Totally absent here is any evidence of plaintiff's detrimental reliance on that purely gratuitous undertaking. Had LMA directly made the promise to plaintiff to confer upon him a gift of the parcel, plaintiff would not have thereby acquired any right to enforce it in the absence of detrimental reliance *(see, Pershall v Elliott,* 249 NY 183, 188-189; *Parsons v Teller,* 188 NY 318, 325-326). Plaintiff should acquire no greater right of enforce-

ment merely because the purely gratuitous undertaking to convey was made in a contract with another party.

If I am correct in my conclusion that plaintiff acquired no rights as a third-party beneficiary of the contract of sale between LMA and the Nature Conservancy, the failure to disclose that agreement to plaintiff becomes irrelevant to the validity and effectiveness of the agreement between plaintiff and defendant Lake Minnewaska Mountain Houses, Inc. (hereinafter LMMH) and the deed to LMMH which plaintiff signed in blank, all as transacted on May 14, 1987. In his testimony, plaintiff conceded that he read the May 14, 1987 agreement before signing it and that he understood that, in order to be permitted to continue to occupy the house on the subject parcel for a period of years, he had to sign the agreement and the deed, the validity of which he now attacks. Because plaintiff had no right to acquire the title to that parcel as a third-party beneficiary prior to the May 14, 1987 transaction, it would be a manifest injustice to permit him to claim title to the parcel on the basis of the deed delivered to him on May 14, 1987 and yet disavow the restrictions and limitations on his interest in the parcel by claiming the invalidity of the balance of that transaction; he should therefore be estopped from doing so *(see, Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 464; *City of Buffalo v Balcom,* 134 NY 532, 536; *Mayor of City of N. Y. v Sonneborn,* 113 NY 423, 426; *Boulder Brook Acres v Town & Vil. of Scarsdale,* 112 AD2d 336, *lv dismissed* 66 NY2d 603; *Matter of City of New York [Klondike Realty Corp.],* 80 AD2d 611, 611-612).

Clearly, plaintiff has already received all of the interest in the subject parcel to which he was entitled. Thus, for all of the foregoing reasons, I would affirm the order and judgment dismissing his complaint.

MAHONEY, P. J., WEISS and HARVEY, JJ., concur with CASEY, J.; LEVINE, J., dissents in a separate opinion.

Ordered that the order and judgment are reversed, on the law and the facts, with costs, it is declared that the deed executed by plaintiff on May 14, 1987 is void and that plaintiff is a third-party beneficiary of the provision in the contract between defendant Lake Minnewaska Associates and the Nature Conservancy whereby defendant Lake Minnewaska Associates agreed to convey certain property to plaintiff, and the agreement executed by defendant Lake Minnewaska Mountain Houses, Inc. and plaintiff on May 14, 1987 is rescinded.