■ GEORGE T. MAURICE, Appellant, v ANN C. MAURICE, Respondent. [15 NYS3d 133]—

In an action pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 18, 2013, as denied his motion for summary judgment on the complaint and granted the defendant's cross motion, in effect, for summary judgment declaring that she is the sole owner of the subject real property, and (2) from a judgment of the same court entered April 23, 2014, which, upon the order, is in favor of the defendant and against him declaring, inter alia, that the defendant is the sole lawful owner of the subject real property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced this action against his sister (hereinafter the defendant) pursuant to RPAPL article 15 to quiet title to a residential property in Brooklyn (hereinafter the property), which was purchased by their parents in the 1930s. The parties' father died in 1980, and their mother (hereinafter the mother) died in 2007. The plaintiff moved for summary judgment on the complaint and declaring that he is the owner of the property. In support of his motion, the plaintiff submitted a deed dated December 29, 1999 (hereinafter the 1999 deed), pursuant to which the mother purportedly conveyed the property to herself and the plaintiff, as joint tenants with rights of survivorship. The 1999 deed contained a blank space in the area designated for a description of the property, and contained no property description anywhere above the mother's signature. With his papers, the plaintiff also submitted a deed dated August 26, 2005, pursuant to which the mother purportedly conveyed the property to the defendant, while retaining a life estate. Relying, in part, upon the papers submitted by the plaintiff, the defendant cross-moved, in effect, for summary judgment declaring that she is the sole owner of the property. In an order dated March 18, 2013, the Supreme Court denied the plaintiff's motion and granted the defendant's cross mo-

tion. Thereafter, a judgment in favor of the defendant and against the plaintiff was entered upon the order, declaring, inter alia, that the defendant is the sole lawful owner of the property.

An instrument creating or transferring an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law (*see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372, 381 [2007]). In general, a deed conveying real property must set forth "a specific grantor, a specific grantee, a proper designation of the property, a recital of the consideration, and . . . technical operative words" (*Cohen v Cohen*, 188 App Div 933, 933 [1919]; *see Romanoff v Village of Scarsdale*, 50 AD3d 763, 765 [2008]; 43 NY Jur 2d Deeds §§ 9-15). "A deed which contains a blank space instead of a description when signed is not an instrument of conveyance" (*Rekis v Lake Minnewaska Mountain Houses*, 170 AD2d 124, 127 [1991]; *see Peterson v Martino*, 210 NY 412, 420 [1914]; *Cameron v Andrukiewicz*, 87 AD2d 734, 735 [1982]; *see also Hulburt v Walker*, 258 NY 8, 11 [1931]).

Since the 1999 deed contained a blank space in the area designated for a property description, and contained no property description anywhere above the mother's signature, it was void for uncertainty (*see Peterson v Martino*, 210 NY at 420; *Rekis v Lake Minnewaska Mountain Houses*, 170 AD2d at 127; *Cameron v Andrukiewicz*, 87 AD2d at 735). A document designated as "Schedule A," which contained a metes and bounds description of the property, and was allegedly found in the files of the law firm which prepared the 1999 deed, could not serve as a legal property description, as the 1999 deed contained no language incorporating it by reference. Furthermore, the section, block, and lot number that were inscribed on the deed also could not serve as a legal property description, since that information appeared below the mother's signature and the acknowledgment thereof and, thus, was not part of the instrument purportedly subscribed and executed by the mother (*see* General Obligations Law § 5-703 [1]; *Steinberg v Universal Machinenfabrik GMBH*, 24 AD2d 886, 887 [1965] [a subscription within the meaning of the statute of frauds is "a writing at the end of the memorandum"]).

The defendant established her prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition. For the same reasons, the plaintiff failed to establish his own prima facie entitlement to

judgment as a matter of law. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and declaring that he is the owner of the property, properly granted the defendant's cross motion for summary judgment, and declared that the defendant is the sole owner of the property. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.