Matter of Cruz (Birks) (2025 NY Slip Op 51723(U))

[*1]

Matter of Cruz (Birks)

2025 NY Slip Op 51723(U)

Decided on September 26, 2025

Surrogate Court, Suffolk County

Messina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2025
Surrogate Court, Suffolk County

In the Matter of the Petition of Rudelso Cruz, Individually for the transfer of Property Located at 8 Cooks Lane; Westhampton, New York 11977 from Nancy Sarris as Executor of the Estate of Patricia Birks

File No. 2023-567/B

Farrell Fritz, P.C.
Attorneys for Petitioners 
400 RXR Plaza, West Tower
Uniondale, New York 11530
Law Office of William G. Goode, P.C.
Attorney for Respondent
26 Good Ground Road
Hampton Bays, New York 11946

Vincent J. Messina Jr., S.

Upon the following papers number 1 to 8 read on this motion by Rudelso Cruz, for an order granting summary judgment in this SCPA 2105 proceeding to transfer certain real property: Notice of Motion and supporting papers 1 - 4; Answering Affirmation and supporting papers 5-6; and Reply Affirmation and supporting papers 7-8; as well as all prior pleadings filed herein, it is
ORDERED, that the motion for summary judgment is granted for the reasons set forth below; and it is further
ORDERED, that petitioner shall submit a decree consistent herewith on notice to respondent within twenty (20) days of the date hereof.
Background
Decedent died testate on November 6, 2022, survived by her niece and nephew, who are not parties to this action. The last will and testament of Patricia A. Birks, dated April 4, 2022, was admitted to probate on January 19, 2024 and letters testamentary issued to Nancy J. Sarris on January 29, 2024.
Petitioner, Rudelso Cruz("Petitioner"), filed this action on March 28, 2024, seeking a decree compelling Nancy J. Sarris ("Executor") to transfer ownership of the real property located at 8 Cooks Lane, Westhampton, New York 11977 to Petitioner, or a declaration that Petitioner is [*2]the rightful owner of said real property, as well as a judgment for money damages against the estate. Petitioner alleges that the decedent transferred the property to him by Survivorship Deed, dated July 22, 2021, but the deed was never recorded. Said deed contained certain covenants that Petitioner was to comply with. Petitioner alleges that he complied with all covenants and as a result he is entitled to the decree and money damages that he seeks pursuant to SCPA 2105.
Respondent, Nancy J. Sarris, executor of the estate of Patricia Birks, filed a verified answer on May 7, 2024, wherein she did not raise any affirmative defenses.
Petitioner filed the within motion seeking summary judgment, which respondent opposed. Petitioner filed a reply and oral argument was held.
Arguments
Petitioner asserts that there are no triable issues of fact in this matter because the decedent transferred the real property located at 8 Cooks Lane, Westhampton, New York to petitioner during her lifetime by a deed that contained covenants, which he alleges he has complied with. He further asserts that the deed is valid pursuant to CPLR 4538, because the transfer was done under the supervision of an attorney, in the presence of a witness and a notary public. While the deed was not recorded, petitioner relies on various cases that state the deed is valid because it was delivered to him. Petitioner notes that the will of the decedent contains a specific bequest of other real property owned by her at the time of execution, but not the subject real property. He asserts that this is because the deed to the subject property had already been signed by her and delivered to him almost one year prior to the execution of the will.
Petitioner further asserts that if this court does not find that the deed transferred the real property to the petitioner, then the court should find that a constructive trust should be imposed and that the petitioner is entitled to the property based upon the doctrine of unjust enrichment.
Respondent opposes the motion by challenging the validity of the deed in question, even though respondent concedes it was executed by the decedent in July of 2021. Specifically, respondent asserts that although the document is titled "Survivorship Deed", the lack of language reserving a life estate results in an inability to interpret the covenants in the deed, rendering the entire deed invalid. Respondent also asserts that the Rule Against Perpetuities supports a finding that the deed in invalid, since the covenants appear to be an ongoing obligation for an unlimited period of time. Other assertions of respondent are that the petitioner has not demonstrated that he has complied with the covenants in the deed, the deed is not valid as a transfer on death deed, and there has been no unjust enrichment.
Discussion
Summary judgment is designed to eliminate from the trial calendar litigation that can be resolved as a matter of law (see Andre v. Pomeroy, 35 NY2d 361). The court's burden is not to resolve issues of fact, but merely to determine if such exist (see Dyckman v. Barrett, 187 AD2d 553). It is a drastic remedy that will only be awarded where there is no triable issue of fact (see Barclay v. Denckla, 182 AD2d 658). The court, therefore, must construe the facts in a light most favorable to the nonmoving party so as not to deprive that person of her day in court (see Russell v. A. Barton Hepburn Hospital, 154 AD2d 796).
The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of material issues of fact (see Zarr v. Riccio, 180 AD2d 734). Failure to do so requires [*3]denial of the motion regardless of the sufficiency of opposing papers (see Winegrad v. New York University Medical Center, 64 NY2d 851). Once satisfied, however, the burden of going forward shifts to the opposing party to establish the existence of material issues of fact requiring a trial (see Romano v. St. Vincent's Medical Center, 178 AD2d 467), by the tender of evidentiary proof in admissible form (see Friends of Animals, Inc. v. Associated Fur Manufactures Inc., 46 NY2d 1065).
This action is brought pursuant to SCPA 2105, which provides for a proceeding to compel delivery of property in the possession of or under control of a fiduciary to a person having a claim to said property. It is undisputed that the decedent executed the document titled "Survivorship Deed" during her lifetime. The question in the instant matter is whether the document validly transferred title to the property to the petitioner.
Real Property Law (hereinafter "RPL") §240(2) defines a conveyance as including "every instrument, in writing, except by a will, by which any estate or interest in real property is created, transferred, assigned or surrendered." RPL §240(3) explains that any such instrument "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law."
RPL §258 titled "Short forms of deeds and mortgages", provides form language for the "conveyance and mortgage of real property". The deed at issue in this matter seemingly conforms to Schedule A and Schedule B therein, which are forms for "Deed With Full Covenants".
RPL §243, titled "Grant of fee or freehold", provides that a deed must be subscribed by the grantor and duly acknowledged. If the document is not duly acknowledged, the execution and delivery of same must be attested to by at least one witness (see RPL §243). It is undisputed that the deed at issue was signed by the grantor/decedent, duly acknowledged before a notary, and before a witness.
To be valid, a deed must state "a specific grantor, a specific grantee, a proper designation of the property, a recital of the consideration, and . . . technical operative words" (see Cohen v. Cohen, 188 A.D. 933, see also Maurice v. Maurice, 131 AD3d 454, 456). The deed in question clearly states that the decedent is the grantor and the petitioner is the grantee. The deed in question contains the legal property description in metes and bounds contained in the body of the document, together with the common street address. There is also a "being and intended to be" paragraph which confirms that the decedent is conveying the property described that was previously conveyed to her in a recorded deed. The consideration for the transfer is stated in the body of the document which is "1.00 dollars lawful money of the United States", paid by petitioner to the decedent.
The deed contains the technical operative words of conveyance several times. Specifically, the document states that the decedent as grantor, "does hereby remise and release, with general warranty covenants...as the sole tenant and assigns forever", "to have and to hold the premises herein granted unto the party of the second part forever", "[grantor' has good right to convey the [property]", "that the said premises are free from encumbrances", "that [grantor] will execute or procure any further necessary assurance of the title to the said premises", "[grantor] will forever warrant the title to said premises to the [grantee]" and "this deed was executed by the Grantor on this July 22, 2021".
Further, in New York a deed is presumptively operative upon delivery, unless admissible evidence to the contrary is established (see In re Humann, 136 AD3d 1036, RPL §246). RPL §291 titled, "recording of conveyances" provides that an unrecorded deed is void against anyone who subsequently purchases or acquires by exchange the subject property. If there is no subsequent conveyance, the unrecorded deed remains valid, as there is no requirement of recording to transfer real property (see Cayea v. Lake Placid Granite Co., Inc., 245 A.D. 659, 661, Saline v. Saline, 106 AD3d 1072, 1074). Here, there is no subsequent deed to the unrecorded deed at issue.
No one disputes that the deed at issue was delivered to the petitioner. Respondent only states in conclusory fashion that there is no proof that the covenants contained in the deed were complied with. Respondent makes no specific allegation that the petitioner did not comply with the covenants and conceded at oral argument that there is no indication that the decedent ever sent a default notice of any kind to the petitioner.
It is clear from the document itself that the grantor intended to convey title to the property to the petitioner. There is no language in the document reserving any rights to herself, and several times she states that she grants her rights to the property to the petitioner forever. Decedent's intent is further evidenced by the fact that she did not specifically address this property in her will, while she did specifically state the disposition of all other real property she owned. It is clear to the court that decedent intended to convey this real property to the petitioner. Since the deed meets the requirements of a deed, which is operative at the time of delivery, the Rule Against Perpetuities is inapplicable to the instant matter. Therefore, even viewing the evidence in the light most favorable to the non-moving party, the petitioner has established that he is entitled to summary judgment that the deed executed on July 22, 2021, is a complete and valid transfer of decedent's interest in the property known as 8 Cooks Lane, Westhampton, New York, and the respondent has failed to raise a triable issue of fact.
In light of the foregoing, the court need not reach petitioners remaining arguments. Further, with the court having found the deed is valid, the remaining alternative causes of action are denied.
Dated: September 26, 2025
Hon. Vincent J. Messina, Jr.
Surrogate